IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NUR QADR, | )
    Plaintiff, | ) |
| | ) Civil Action No. 14-123E |
| vs. | ) Chief Judge Joy Flowers Conti/ |
| | ) Chief Magistrate Judge Maureen P. Kelly |
| MR. MICHEAL OVERMYER *SUPERINTENDENT*; MR. OBERLANDER *DEPUTY SUPT*; DEPUTY HORTON *DEPUTY FACILITY* MR. DOMBROSKI *ACTING CORRECTIONS CLASSIFICATION PROGRAM MANAGER*; MR. WILLIAM COLE *CORRECTIONS CLASSIFICATION PROGRAM MANAGER*; MS. C. KENNEDY *GRIEVANCE COORDINATOR;* MS. SEIGAL *GRIEVANCE COORDINATOR*; JOHN DOE *FOOD SERVICE MANAGER*; MR. MCQUOWN *FACILITY CHAPLAIN PROGRAM DIRECTOR*; JOHN/JANE DOE *CORRECTIONS HEALTHCARE ADMINISTRATOR*; MS. SMITH, RN *INFECTIOUS NURSE*; DOCTOR HAVEWOOD *HEALTHCARE PROVIDER,* Defendants. | ) |

**REPORT AND RECOMENDATION**

**I.    RECOMMENDATION**

Plaintiff Nur Qadr ("Plaintiff") is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC") and is currently incarcerated at the State Correctional Institution at Forest. Plaintiff has presented a civil rights complaint, which he has been granted leave to prosecute without prepayment of costs, bring claims against Defendants relative to their alleged failure to recognize and/or accommodate Plaintiff's religious faith. Amongst the named Defendants are John Doe, *Food Service Manager* and John/Jane Doe, *Corrections Healthcare*

*Administrator*. Despite three orders issued by this Court directing Plaintiff to provide the names of these Defendants and instructions for service, Plaintiff has failed to do so. Accordingly, it is respectfully recommended that the Complaint filed in the above-captioned case, ECF No. 20, be dismissed as to these Defendants for failure to prosecute.

**II.    REPORT**

On January 15, 2015, this Court issued an order advising Plaintiff that he had failed to provide the Court with service papers as to any of the Defendants and specifically ordering Plaintiff to provide the names, instructions for service and service forms for Defendants John Doe, *Food Service Manager* and John/Jane Doe, *Corrections Healthcare Administrator* on or before February 5, 2015. [1/15/2015 Text Order]. Plaintiff was also advised that failure to provide the requisite information by February 5, 2015, could result in the action being dismissed for failure to prosecute. Id.

Plaintiff failed to submit the names of the John Doe and John/Jane Doe Defendants or provide the required service forms and instructions as ordered and, on March 2, 2015, this Court issued a second order directing Plaintiff to provide the required information on or before March 16, 2015. [3/2/2015 Text Order].

Plaintiff again failed to comply with the Court's order and, on April 1, 2015, the Court issued an Order to Show Cause, returnable on April 22, 2015, directing Plaintiff to show cause why the case should not be dismissed as to Defendants John Doe and John/Jane Doe for failure to provide the Court with the names of these Defendants and instructions for service. [ECF No. 29]. To date, Plaintiff has failed to respond to any of these orders or given any other indication that he wishes to proceed with this action against Defendants John Doe and John/Jane Doe.

Complicating the matter, is Plaintiff's refusal to use his legal name, Jeffrey Pratt, under which he is incarcerated and which is the only name recognized by the DOC. As a result, mail addressed to Plaintiff Nur Qadr, a name Plaintiff has simply chosen to use, is being returned by the DOC as undeliverable because the inmate name and number do not match. Consequently, out of an abundance of caution, the Court has been sending copies of its orders, including the three discussed above, to both Nur Qadr and Jeffrey Pratt at his address of record. In addition, the Court issued an order on March 6, 2015, directing Plaintiff to use his legal name, Jeffrey Pratt, on all documents filed with the Court until such time as he has his name legally changed to Nur Qadr. [ECF No. 28]. Plaintiff has declined to comply with the Court's order in this regard and, in fact, is now refusing to accept mail addressed to Jeffrey Pratt which has prevented him from receiving this Court's orders.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors suggests that the instant action should be dismissed as to Defendants John Doe, *Food Service Manager* and John/Jane Doe, *Corrections Healthcare Administrator.*

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's orders so that the case could proceed against the John Doe and John/Jane Doe Defendants which weigh heavily against him. Notwithstanding Plaintiff's failure to use his legal name, it appears that Plaintiff received two of the three orders issued by the Court directing him to provide the names and service instructions for Defendants John Doe and John/Jane Doe, but Plaintiff has nevertheless failed to provide the requisite information.[1] Moreover, Plaintiff has also failed to comply with the Court's order directing him to use his legal name under which he is incarcerated. His concomitant refusal to accept mail addressed to Jeffrey Pratt has thus prevented him from receiving pertinent Court orders which, in turn, has prevented his case against the John Doe and John/Jane Doe Defendants from going forward. Not only is complying with Court orders solely Plaintiff's personal responsibility but his continual failure to provide the names of the John and John/Jane Doe Defendants and the requisite service information, coupled with his repeated failure to use and/or accept mail under his legal name, appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders -- there appears to be no specific prejudice to Defendants John Doe and John/Jane Doe as these Defendants clearly have not yet been served with the Complaint. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be

---

[1] With respect to the three orders referenced above, the first and third orders, i.e., those dated January 15, 2015 and April 1, 2015, that were mailed to Nur Qadr were returned to the Court as undeliverable. The second and third orders, i.e., those dated March 2, 2015 and April 1, 2015, that were mailed to Jeffrey Pratt were returned to the Court with the notation that Plaintiff refused to sign for them. It therefore appears that the first order, dated January 15, 2015, advising Plaintiff to provide the Court with the names, instructions for service and service forms for the John and John/Jane Doe Defendants, was received by Jeffrey Pratt; the second order, dated March 2, 2015, giving Plaintiff a second opportunity to provide the requisite names and service information, was received by Nur Qadr; and the third order, dated April 1, 2015, was not received by Plaintiff at all.

weighed neither in favor nor against Plaintiff as it is too early in the litigation to assess the merits of Plaintiff's claims with respect to these Defendants. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff filed this action without the payment of the required filing fee, it does not appear that monetary sanctions are appropriate. Moreover, Plaintiff's failure to comply with the Court's orders, which has prevented this case against the John Doe and John/Jane Doe Defendants from proceeding, indicates that Plaintiff has no serious interest in pursuing this case against them. It therefore appears that dismissal is the most appropriate action for the Court to take. Mindek v. Rigatti, 964 F.2d at 1373. Accordingly, it is respectfully recommended that the Complaint filed in the above-captioned case with respect to Defendants John Doe, *Food Service Manager* and John/Jane Doe, *Corrections Healthcare Administrator* be dismissed for failure to prosecute.

In accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(B) & (C), and Local Rule 72D.2, Plaintiff is permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will constitute a waiver of any appellate rights. Siers v. Morrash, 700 F.3d 113, 116 (3d Cir. 1983). See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                            Respectfully submitted,

                            /s/ Maureen P. Kelly
                            MAUREEN P. KELLY
                            CHIEF UNITED STATES MAGISTRATE JUDGE

Date: May 7, 2015

cc: Nur Qadr
BC-8580
SCI Forest
P.O. Box 945
Marienville, PA 16239

Jeffrey Pratt
BC-8580
SCI Forest
P.O. Box 945
Marienville, PA 16239

All counsel of record via CM/ECF