IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NUR QADR, ) | |
|     Plaintiff, ) | |
| ) | Civil Action No. 14-123E |
| vs. ) | Chief Judge Joy Flowers Conti/ |
| ) | Chief Magistrate Judge Maureen P. Kelly |
| ) | |
| MR. MICHEAL OVERMYER ) | |
| *SUPERINTENDENT*; MR. ) | |
| OBERLANDER *DEPUTY SUPT*; ) | |
| DEPUTY HORTON *DEPUTY FACILITY* ) | |
| MR. DOMBROSKI *ACTING* ) | |
| *CORRECTIONS CLASSIFICATION* ) | |
| *PROGRAM MANAGER*; MR. WILLIAM ) | |
| COLE *CORRECTIONS CLASSIFICATION* ) | |
| *PROGRAM MANAGER*; MS. C. ) | |
| KENNEDY *GRIEVANCE* ) | |
| *COORDINATOR;* MS. SEIGAL ) | |
| *GRIEVANCE COORDINATOR*; JOHN ) | |
| DOE *FOOD SERVICE MANAGER*; MR. ) | |
| MCQUOWN *FACILITY CHAPLAIN* ) | |
| *PROGRAM DIRECTOR*; JOHN/JANE ) | |
| DOE *CORRECTIONS HEALTHCARE* ) | |
| *ADMINISTRATOR*; MS. SMITH, RN ) | |
| *INFECTIOUS NURSE*; DOCTOR ) | |
| HAVEWOOD *HEALTHCARE PROVIDER,* ) | |
|     Defendants. ) | |

**REPORT AND RECOMENDATION**

**I.    RECOMMENDATION**

Plaintiff Nur Qadr ("Plaintiff") is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC") and is currently incarcerated at the State Correctional Institution at Forest. Plaintiff has presented a civil rights complaint, which he has been granted leave to prosecute without prepayment of costs, bring claims against Defendants relative to their alleged failure to recognize and/or accommodate Plaintiff's religious faith. Amongst the named Defendants is Doctor Havewood. The Return of Service as to Defendant Havewood was

returned unexecuted by the Marshal's Office on April 29, 2015. ECF No. 34. Consequently, on May 19, 2015, this Court issued an Order advising Plaintiff that he had until June 6, 2015, to provide the Court with proper instructions for service as to Defendant Havewood or the action may be dismissed as to him for failure to prosecute. ECF No. 39. To date, Plaintiff has failed to comply with the Court's Order or given any other indication that he wishes to proceed with his case against Defendant Havewood. Accordingly, it is respectfully recommended that the Complaint filed in the above-captioned case, ECF No. 20, be dismissed as to Defendant Havewood for failure to prosecute.

## II. REPORT

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors suggests that the instant action should be dismissed as to Defendant Havewood.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's order so that the case could proceed against Defendant Havewood and weigh heavily against him. Not only is complying with Court orders solely Plaintiff's personal responsibility but he has repeatedly failed to do so.[1] Plaintiff's failure to provide the requisite service information for Defendant Havewood, coupled with his repeated failure to use and/or accept mail under his legal name as ordered by the Court, appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with Court orders -- there appears to be no specific prejudice to Defendant Havewood as he clearly has not yet been served with the Complaint. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against Plaintiff as it is too early in the litigation to assess the merits of Plaintiff's claims with respect to Defendant Havewood. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Because Plaintiff requested and was granted in forma pauperis status in this case, it does not appear that monetary sanctions are appropriate. Moreover, Plaintiff's failure to comply with this Court's order to provide the proper service information for Defendant Havewood, which has prevented the case against him from proceeding, indicates that Plaintiff has no serious interest in pursuing this case against Defendant Havewood. It therefore appears that dismissal is the most appropriate action for the Court to take. Mindek v. Rigatti, 964 F.2d at 1373. Accordingly, it is

---

[1] Plaintiff has also failed to comply with three Court Orders directing him to provide the names and service information for the John Doe and Jane Doe Defendants. See ECF No. 38. In addition, the Court issued an order on March 6, 2015, directing Plaintiff to use his legal name, Jeffrey Pratt -- the name under which is incarcerated and the only name recognized by the DOC -- on all documents filed with the Court until such time as he has his name legally changed to Nur Qadr. [ECF No. 28]. Plaintiff has declined to comply with that Order as well which has made it difficult for the Court to communicate with Plaintiff and/or move this case forward as mail addressed to Plaintiff Nur Qadr, a name Plaintiff has simply chosen to use, is being returned by the DOC as undeliverable because the inmate name and number do not match. Further complicating the matter is that Court mail addressed to Plaintiff under Jeffrey Pratt has, at times, been returned to the Court indicating that Plaintiff has refused to accept it. This notwithstanding, it should be noted here that, to date, neither copy of the Order directing Plaintiff to provide the Court with proper service information for Defendant Havewood, sent to both Nur Qadr and Jeffrey Pratt, has been returned to the Court.

respectfully recommended that the Complaint filed in the above-captioned case with respect to Defendant Havewood be dismissed for failure to prosecute.

In accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(B) & (C), and Local Rule 72D.2, Plaintiff is permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will constitute a waiver of any appellate rights. Siers v. Morrash, 700 F.3d 113, 116 (3d Cir. 1983). See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                                          Respectfully submitted,

                                                          /s/ Maureen P. Kelly
                                                          MAUREEN P. KELLY
                                                          CHIEF UNITED STATES MAGISTRATE JUDGE

Date: June 4, 2015

cc:    Nur Qadr
       BC-8580
       SCI Forest
       P.O. Box 945
       Marienville, PA 16239

       Jeffrey Pratt
       BC-8580
       SCI Forest
       P.O. Box 945
       Marienville, PA 16239

       All counsel of record via CM/ECF