IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NUR QADR,   Plaintiff, | )<br>)<br>) Civil Action No. 14-123E |
| vs. | ) Chief Judge Joy Flowers Conti/<br>) Chief Magistrate Judge Maureen P. Kelly<br>) |
| MR. MICHEAL OVERMYER *SUPERINTENDENT*; MR. OBERLANDER *DEPUTY SUPT*; DEPUTY HORTON *DEPUTY FACILITY* MR. DOMBROSKI *ACTING CORRECTIONS CLASSIFICATION PROGRAM MANAGER*; MR. WILLIAM COLE *CORRECTIONS CLASSIFICATION PROGRAM MANAGER*; MS. C. KENNEDY *GRIEVANCE COORDINATOR;* MS. SEIGAL *GRIEVANCE COORDINATOR*; JOHN DOE *FOOD SERVICE MANAGER*; MR. MCQUOWN *FACILITY CHAPLAIN PROGRAM DIRECTOR*; JOHN/JANE DOE *CORRECTIONS HEALTHCARE ADMINISTRATOR*; MS. SMITH, RN *INFECTIOUS NURSE*; DOCTOR HAVEWOOD *HEALTHCARE PROVIDER,*   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPORT AND RECOMENDATION**

I. **RECOMMENDATION**

Plaintiff Nur Qadr ("Plaintiff") is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC") and is currently incarcerated at the State Correctional Institution at Forest. Plaintiff has presented a civil rights complaint, which he has been granted leave to prosecute without prepayment of costs, bringing claims against Defendants relative to their alleged failure to recognize and/or accommodate Plaintiff's religious faith. Amongst the named Defendants are Mr. Michael Overmyer, Mr. Oberlander, Deputy J. Horton, Mr.

Dombroski, Mr. William Cole, Ms. C. Kennedy, Ms. Seigal, Mr. McQuown, and Ms. Smith, RN (collectively, "the Commonwealth Defendants"). For the reasons that follow, it is respectfully recommended that the Complaint filed in this matter be dismissed as to the Commonwealth Defendants for failure to prosecute.

## II.   REPORT

On May 5, 2015, a Motion to Dismiss for Failure to State a Claim was filed on behalf of the Commonwealth Defendants. ECF No. 35. On May 7, 2015, this Court issued an Order directing Plaintiff to file a response to the Motion to Dismiss by June 8, 2015. ECF No. 37. Plaintiff failed to file a response as ordered and on June 12, 2015, the Court issued an Order to Show Cause why the case should not be dismissed as to the Commonwealth Defendants for Plaintiff's failure to respond to the Motion to Dismiss. ECF No. 43. Plaintiff was also advised that his failure to respond to the Order to Show Cause by June 22, 2015, would result in this Court recommending that the case against the Commonwealth Defendants be dismissed for failure to prosecute. Id. To date, Plaintiff has failed to comply with the Court's Order to Show Cause or given any other indication that he wishes to proceed with his case against the Commonwealth Defendants.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

    (1)    The extent of the party's personal responsibility.

    (2)    The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

2

> (3) A history of dilatoriness.
>
> (4) Whether the conduct of the party or the attorney was willful or in bad faith.
>
> (5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.
>
> (6) The meritoriousness of the claim or defense.

Consideration of these factors suggests that the instant action should be dismissed as to the Commonwealth Defendants.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's orders so that the case could proceed against the Commonwealth Defendants and weigh heavily against him. Not only is complying with court orders solely Plaintiff's personal responsibility but he has repeatedly failed to do so. Plaintiff's failure to respond to the Commonwealth Defendants' Motion to Dismiss and his subsequent failure to respond to the Order to Show Cause appears willful and constitutes a history of dilatoriness.[1]

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with Court orders -- other than the expense of filing the Motion to Dismiss, there appears to be no specific prejudice to the Commonwealth Defendants. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against Plaintiff as it is too early in the litigation to assess the merits of Plaintiff's claims with respect to the Commonwealth Defendants. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

---

[1] Moreover, as the Court is well aware, Plaintiff has also failed to comply with a number of other Court orders that has prevented his case from advancing. See 3/2/2015 Text Order; ECF Nos. 29, 29, 38, 39, 41. Although there have been several occasions where Plaintiff has not received the orders because the DOC has returned the orders addressed to Nur Qadr -- a name Plaintiff has simply chosen to use -- because the inmate's name and number do not match, and Plaintiff has refused to accept the orders addressed to Jeffrey Pratt -- Plaintiff's legal name and the name under which he is incarcerated -- the Order addressed to Jeffrey Pratt directing him to respond to the Commonwealth Defendants' Motion to Dismiss has not been returned to the Court, nor have the copies of the Order to Show Cause that were mailed to Jeffrey Pratt and Nur Qadr.

The final factor to consider is the effectiveness of sanctions other than dismissal. Because Plaintiff requested and was granted *in forma pauperis* status in this case, it does not appear that monetary sanctions are appropriate. Moreover, Plaintiff's failure to comply with this Court's orders directing him to respond to the Commonwealth Defendants' Motion to Dismiss and to show cause why the case should not be dismissed as to the Commonwealth Defendants, which has prevented the case against them from proceeding, indicates that Plaintiff has no serious interest in pursuing this case against these Defendants. It therefore appears that dismissal is the most appropriate action for the Court to take. Mindek v. Rigatti, 964 F.2d at 1373. Accordingly, it is respectfully recommended that the Complaint filed in the above-captioned case be dismissed as to the Commonwealth Defendants for failure to prosecute.

In accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(B) & (C), and Local Rule 72D.2, Plaintiff is permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will constitute a waiver of any appellate rights. Siers v. Morrash, 700 F.3d 113, 116 (3d Cir. 1983). See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

    Respectfully submitted,

    /s/ Maureen P. Kelly
    MAUREEN P. KELLY
    CHIEF UNITED STATES MAGISTRATE JUDGE

Date: June 26, 2015

cc: Nur Qadr
BC-8580
SCI Forest
P.O. Box 945
Marienville, PA 16239

Jeffrey Pratt
BC-8580
SCI Forest
P.O. Box 945
Marienville, PA 16239

All counsel of record via CM/ECF